UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MAREK ZAREBSKI, <br><br> Plaintiff, <br><br> v. <br><br> GRECIAN DELIGHT FOODS, INC., <br><br> Defendant. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendant Grecian Delight Foods, Inc. ("Grecian") hereby removes this action to the United States District Court, Northern District of Illinois, Eastern Division, pending as Case No. 2021L004104 in the Circuit Court of Cook County, Illinois, Law Division (the "State Court Action"). In support of removal, Grecian states as follows:

## INTRODUCTION

1. On April 20, 2021, Plaintiff Marek Zarebski ("Zarebski") commenced the State Court Action against Grecian, by filing a Complaint alleging a breach of contract, wrongful termination against public policy, and retaliatory discharge. On February 23, 2022, Zarebski filed a Verified First Amended Complaint (the "Amended Complaint") in which he alleged retaliatory discharge, violation of the Illinois Wage Payment and Collection Act ("IWPCA"), and violations of the Family and Medical Leave Act ("FMLA"). A copy of the Complaint, Amended Complaint, and all papers available from the State Court Action docket, are attached as **Exhibit A**.

2. Given the allegations of the Amended Complaint, the State Court Action may be removed to this Court because this Court has original jurisdiction over a civil action arising under

the laws of the United States, specifically, the FMLA. 28 U.S.C. §§ 1331, 1441(a); 29 U.S.C.A. § 2617(a)(2).

## 28 U.S.C. § 1446 REQUIREMENTS

3. <u>Removal is timely</u>. A notice of removal may be filed within thirty (30) days after the defendant receives a copy of the initial pleading, motion, or other paper from which it may be ascertained that the case is removable. 28 U.S.C. § 1446(b). Zarebski first pled a claim under the FMLA in the Amended Complaint, which was served on Grecian on February 23, 2022. (Exhibit A, p. 151.) This Notice of Removal is thus timely.

4. <u>Removal to proper court</u>. This Court is part of the "district and division within which" this action was filed – *i.e.*, Cook County, Illinois. 28 U.S.C. § 1446(a).

5. <u>Pleadings and process</u>. As required by 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Grecian is attached to this Notice of Removal. *See* Exhibit A. Grecian has not answered or otherwise responded to the Amended Complaint. Grecian hereby reserves all defenses and objections to the Amended Complaint, including, but not limited to, failure to state a claim.

6. <u>Notice to state court</u>. A copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Cook County, Illinois, and is being served on Zarebski consistent with 28 U.S.C. §§ 1446(a), (d). The Circuit Court of Cook County, Illinois, is located within this District.

7. <u>Basis for removal</u>. This is an action over which the Court has original jurisdiction under 28 U.S.C. § 1331 because Counts IV and V of the Amended Complaint arise under federal law, specifically, the FMLA. 28 U.S.C. § 1331; 29 U.S.C.A. § 2617(a)(2). Therefore, Grecian can properly remove this matter pursuant to 28 U.S.C. § 1441(a).

**SUPPLEMENTAL JURISDICTION**

8. Pursuant to 28 U.S.C.A. § 1367(a), this Court has supplemental jurisdiction over the retaliatory discharge and IWPCA claims in the Amended Complaint because they are so related to the FMLA claim that they form part of the same case or controversy. *Baer v. First Options of Chicago, Inc.*, 72 F.3d 1294, 1301 (7th Cir. 1995) (finding it had supplemental jurisdiction to hear dispute because "dispute was part of the same 'case or controversy' as the underlying litigation").

9. Like his FMLA claim, Zarebski's retaliatory discharge and IWPCA claims relate to Grecian's termination of Zarebski's employment and, specifically, leave of absence benefits Zarebski alleges he was owed and that Grecian did not provide to him either during or after his employment ended. *See* Amended Complaint, ¶¶ 44, 59, 65, 69-70; *Arbuckle v. Wilcox*, 20 CV 1419, 2021 WL 5321552, at *10 (N.D. Ill. Nov. 16, 2021) (finding supplemental jurisdiction over state claims because they "arise from the exact same incident as [plaintiff's] federal claims"); *see also Methavichit v. Follenweider*, 1:20-CV-02841, 2021 WL 6050061, at *1 n.1 (N.D. Ill. Dec. 21, 2021) (finding supplemental jurisdiction over state tort claims in case involving FMLA).

10. Moreover, neither the IWPCA claim nor retaliatory discharge claim raise novel or complex issues of state law or substantially predominate over the FMLA claim, and there are no other exceptional circumstances requiring this Court to decline jurisdiction. 28 U.S.C.A. § 1367(c).

11. Based on the foregoing, removal to this Court is proper.

WHEREFORE, Grecian Delight Foods, Inc. hereby removes this action from the Circuit Court of Cook County, Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division, for further proceedings according to law.

Dated: March 9, 2022　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　**GRECIAN DELIGHT FOODS, INC.**


　　　　　　　　　　　　　　　　　　　　　By: /s/ *Elizabeth N. Hall*
　　　　　　　　　　　　　　　　　　　　　　　One of Its Attorneys


Elizabeth N. Hall, Bar No. 6286976
ehall@vedderprice.com
Ryan S. Burandt, Bar No. 6329488
rburandt@vedderprice.com
Vedder Price P.C.
222 North LaSalle Street, Suite 2600
Chicago, Illinois 60601-1003
(312) 609-7500

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies that a true and correct copy of the foregoing **NOTICE OF REMOVAL** was served on:

>Alexandros Stamatoglou
>astamatoglou@villaloboslaw.com
>1620 W. 18th Street
>Chicago, Illinois 60608
>Counsel for Plaintiff Marek Zarebski

by email and U.S. mail on March 9, 2022.


By: /s/ *Ryan S. Burandt*